## Chicago, Burlington & Quincy R. R. Co. v. Henry Shiery.

1. CONTRACTS—*Payment to a Third Party by Agreement.*—Defendant entered into an agreement with a coal operator to furnish coal. Plaintiff, a banker, had been advancing money to the operator to enable him to carry his accounts at the mine and received remittances through a bank in Peoria where defendant made its payments to the operator. By an agreement between the operator and plaintiff, defendant was directed to remit direct to plaintiff, which was stated in the letter to be a matter of convenience. Defendant, who had no notice or knowledge of the business between the operator and plaintiff, made such remittances as requested until January 1, 1901, when the operator revoked the order to remit to plaintiff and directed such remittances to be made elsewhere. *Held,* that defendant's contract was with the operator and it was liable to him alone.

**Assumpsit.**—Appeal from the Circuit Court of Fulton County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the November term, 1902. Reversed, with a finding of facts. Opinion filed April 30, 1903.

SWEENEY & WALKER and H. M. WAGGONER, attorneys for appellant; CHESTER M. DAWES, of counsel.

LUCIEN GRAY, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for the price or value of coal furnished the latter under a special contract with John Gaffney. The verdict was against appellant for $3,512.54, and the court having overruled the motion for a new trial gave judgment upon the verdict, and to reverse it this appeal is brought, and various errors have been argued to effect such reversal, but in the view we have of the case it is unnecessary to refer to but the single question, whether the verdict is supported by the evidence, and whether the court therefore erred in its refusal to give the peremptory instruction, requested by appellant, directing the verdict.

Appellant had entered into a contract with John Gaffney, a coal operator, to furnish coal at $1.15 per ton, from his mine at Cuba, Illinois. Appellee, a banker, had been

advancing money to Gaffney, to enable him to carry his accounts at the mine in Cuba, and received remittances through a bank at Peoria where appellant made its payments to Gaffney. By an arrangement between Gaffney and appellee, appellant was directed to remit direct to appellee, which was stated in the letter to appellant from appellee to be a matter of convenience. Appellant had no notice or knowledge of the nature of the business between Gaffney and appellee, but made such remittances as requested until January 1, 1901, when Gaffney, by letter to appellant, revoked the order to remit to appellee, and directed such remittances, thereafter, sent to a bank in St. Louis, and this appellant did, and for these remittances this suit was brought, upon the claim that appellant had promised or agreed with appellee to make such remittance to him, or had promised to pay appellee for all the coal furnished appellant by Gaffney.

Appellant's contract was with Gaffney, and we think the evidence does not prove that appellant promised to pay appellee upon his own account, but merely for Gaffney as a matter of convenience. It had no knowledge of appellee's rights against Gaffney, nor of such facts and circumstances from which it was bound to infer them. There is nothing from which bad faith could be inferred on the part of appellant in its making payment to Gaffney through the St. Louis bank by his order. It could as easily and without loss to it have remitted to appellee, and it doubtless would have done so had he taken the precaution to inform appellant of his rights in the premises, which it appears he did not do. The bills of lading, it is true, were taken by Gaffney in the name of the Bank of Cuba, but they were delivered to and retained by appellee, appellant having no knowledge or notice of this. Its settlements were made, and vouchers issued upon invoices furnished by Gaffney and in his name, and made out upon printed blanks upon which the name of Gaffney alone appeared.

The general verdict, and the special verdict number two, have no evidence to support them, and the judgment of

the Circuit Court will be reversed, without remanding the cause. The motion to tax cost of additional abstract to appellant is denied.

Finding of Facts to be recited in the final order of this court:

And the court finds from the evidence in the case that the coal for which this suit was brought to recover, was furnished to appellant under a contract with John Gaffney, to whom appellant was alone liable and to whom it has made payment for the same, and that appellant did not at any time undertake or promise to pay appellee for such coal, nor did it undertake or promise to pay appellee for coal to be, or that was, furnished to it by John Gaffney. The court further finds from the evidence that appellant is not liable to appellee under the declaration in the case.